122

No. 17,832.

HAROLD J. HEAFER *v.* O. L. GATHERS.
(300 P. [2d] 523)

Decided August 13, 1956.

Mr. EUGENE H. TEPLEY, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

We will refer to the parties as they appeared in the trial court, where defendant in error was plaintiff and plaintiff in error was defendant. The action originated in the justice court and on appeal to the county court plaintiff had judgment from which defendant brings the case here on writ of error. Plaintiff asserted an express agreement allegedly made January 15, 1952, by which defendant rented from plaintiff an automobile and agreed to pay $5.00 per day for the use thereof. It appears that about January 15, 1952, defendant's automobile was severely damaged in a collision; plaintiff had insurance on the car and while negotiations were had between defendant and the insurance carrier certain bids for the repair of the car were obtained. Among these bids was one submitted by plaintiff who had sold the car to defendant. This bid was not the lowest one submitted to the insurance company, but because defendant desired the work done by the garage which had sold him the car, plaintiff reduced his bid and was awarded the contract for repairing the automobile. The insurance company paid the bill for repairs on February 21, 1952. It also appears that defendant needed transportation to and from Denver in order to perform his work. The car undergoing repairs was the second one defendant had purchased from plaintiff, and the latter allowed defendant to use the other car, and at times two other automobiles, while the wrecked car was being repaired.

Plaintiff testified that he was to receive $5.00 for each day the car was used by defendant; this defendant flatly denied, stating that plaintiff gratuitously loaned him the cars in consideration of his getting the repair job and in conformity with a custom among garage people in Boulder to loan autos under such circumstances, which custom was testified to by two Boulder garage owners.

To support his case plaintiff, over objection of counsel for defendant, introduced in evidence Exhibit A, being a penciled "counterslip" written by plaintiff and dated 3/26/1952. This paper was numbered 15901, and one of three copies admittedly made at the same time. In addition to calling it a counterslip, plaintiff characterized it as a "bill." Plaintiff testified that he made the "counterslip" from a memorandum on a spindle in his office, but he was unable to produce the slip from the spindle. No entry on any of plaintiff's books reflected the charge against defendant.

■ The only witnesses testifying concerning the alleged contract were plaintiff and defendant; the counterslip recited: "Rental of car for use while repair work was being authorized & done 34 days @ 5.00 per day 170." It was on a printed statement akin to an invoice or statement of account. Nowhere in plaintiff's testimony did he state the length of time defendant retained the cars used while repairs were made. Plaintiff admitted that the statement was never handed to or mailed to defendant. Written in pencil on the statement appear the words: "Mail R Ryan."

Exhibit "A" was not admissible in evidence. It was not a book of original entry and purported to be a self-serving statement written by plaintiff and dated 3/26 1952.

■ Following the verdict of the jury, defendant filed a motion for new trial in which among other matters he set forth that he had searched thru his records and found a carbon copy of a statement bearing the identical number 15901 dated "2/21 1952" and reading: "Rental of car for use while repair work was being authorized & done @ $5.00 per day 240.00." The carbon copy was attached to the motion. Defendant had Exhibit "A" photographed and enlarged by an expert and the enlargement is also made a part of the motion for new trial. It appears that Exhibit "A" was altered by changing the date from "2/21 1952" to "3/26 1952"; that

the amount claimed was changed from 240.00 to 170.00; and the words "34 days" inserted immediately ahead of "@ 5.00 per day." Defendant's affidavit submitted in support of the motion for new trial advised the court that the discovery of the carbon copy refreshed his recollection and that the parties "agreed that nothing was to be lost by making a counterslip for the use of the car, in defendant's name, to be sent to * * * " the insurance company in an effort to have it make additional payments and if such payment by the insurance company "was not forthcoming the matter would be dropped" and "that at no time thereafter was the subject matter of rental ever mentioned between the parties until the trial * * *."

Plaintiff testified he made Exhibit "A" on March 26, 1952. The duplicate thereof shows the date to be February 21, 1952. Exhibit "A" was "the only thing" plaintiff had in his records bearing on this alleged rental. His ledger accounts were not introduced and he admitted that the rental account was not reflected in the ledgers.

The alteration is manifest when Exhibit "A" is compared with the duplicate found among defendant's papers. Under the showing made, defendant was entitled to a new trial.

The judgment is reversed and the cause remanded for a new trial.